# CIRCUIT COURT OF THE CITY OF RICHMOND

Sandra McCracken

v.

Embassy Suites Hotel et al.

June 3, 1999

Case No. LE-288-4

BY JUDGE RANDALL G. JOHNSON

The issue in this slip and fall case is whether defendants were served with process within one year of the filing of the motion for judgment as required by Rule 3:3(c) of the Rules of the Supreme Court of Virginia. That rule provides, in pertinent part:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

Plaintiff's accident occurred on February 7, 1996. Suit was filed on February 6, 1998. Named as defendants were Embassy Suites Hotel and Harrah's Operating Co., Inc. The cover letter to the clerk stated that plaintiff's counsel "will make arrangements for service by a private process server sometime in the future." On February 3, 1999, plaintiff's counsel had hand delivered to the clerk's office a letter asking that the motion for judgment be prepared for service and stating that the service papers would be picked up by a private process server on February 4. Service was purportedly made on Embassy Suites Hotel by service on the registered agent for "LOF Richmond LP," which plaintiff claims is Embassy Suites Hotel's owner, on February 5, 1999. Service was made on Harrah's Operating Co., Inc., by serving the

Secretary of the Commonwealth on February 8, 1999, it being alleged that Harrah's is a foreign corporation with no registered agent in Virginia.

With regard to Embassy Suites Hotel, defendants' motion to dismiss is based on its contention that there is no legal entity by that name and that since more than a year has passed since suit was filed, it is now too late to serve the correct entity. As for Harrah's Operating Co., Inc., defendants contend that it must be dismissed because service on Harrah's was not made within the one year allowed by the rule. In this regard, the Secretary of the Commonwealth's certificate of compliance is marked "filed" by the clerk's office of this court on February 9, 1999, a date outside of the one-year period mandated by Rule 3:3(c). Since service on the Secretary is not effective until a certificate of compliance is filed (*see* Va. Code § 8.01-329(C); *Baker v. Pulliam*, 42 Va. Cir. 175 (City of Richmond, 1997)), and since plaintiff has not shown that due diligence was exercised to have service made earlier than the date on which it was made, defendants move for dismissal of the case against Harrah's.

Plaintiff challenges both motions. With regard to Embassy Suites Hotel, plaintiff acknowledges that she may have named the wrong entity. Plaintiff argues, however, that even if she did, Va. Code § 8.01-6 allows her to amend her motion for judgment to name the correct entity and that such amendment would relate back to the original filing. In fact, § 8.01-6 provides:

> A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, *whether to correct a misnomer or otherwise*, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Emphasis added.

At this point, the court does not know if the requirements set out in § 8.01-6 for the relation back of amendments have been met in this case, or even whether Embassy Suites Hotel is or is not a proper party. Plaintiff has not filed a motion to amend, and Embassy Suites is still a named defendant. The

court's file contains a proof of service showing service on Embassy Suites' owner on February 5, 1999, a date within the one year allowed by Rule 3:3(c). In the absence of any evidence that Embassy Suites Hotel is not a proper party or that service on that party was not properly made, defendants' motion to dismiss Embassy Suites cannot be granted.

Plaintiff also challenges defendants' motion to dismiss her claim against Harrah's Operating Co., Inc. She contends that while the clerk's stamp shows filing of the Secretary of the Commonwealth's certificate of compliance on February 9, 1999, it was actually filed on February 8. Since suit was filed on February 6, 1998, and since February 6, 1999, was a Saturday, filing of the certificate of compliance on February 8, 1999, would meet the one-year requirement of Rule 3:3(c).

It is the law of Virginia that a public official is presumed to have performed his or her functions in a regular manner and in accordance with law. *See, e.g., Avery v. County School Board,* 192 Va. 329, 334-35, 64 S.E.2d 767 (1951); *Jenkins v. Ford Motor Co.,* 27 Va. App. 281, 291-92, 498 S.E.2d 445 (1998). The presumption is rebuttable. *Id. See also Narrows Grocery Co. v. Bailey,* 161 Va. 278, 170 S.E.2d 730 (1933). Here, the clerk's stamp raises a presumption that the Secretary's certificate of compliance was filed on February 9, 1999, one day after the time allowed for service. Plaintiff attempted to rebut that presumption with the testimony of her private process server, Michael Beasley. The court finds that the presumption was not rebutted.

At the hearing on defendants' motion, Beasley testified that he was instructed by plaintiff's counsel or her office to pick up three sets of papers from the clerk's office for service. Each set of papers contained a motion for judgment and a notice of motion for judgment. One set was to be served on Embassy Suites Hotel, one set was to be served on Harrah's, and one set was to be served on Embassy Memphis Corporation, plaintiff's counsel explaining at oral argument that the latter entity, although not named as a defendant, "may be" the correct defendant in the case. Beasley was also told that it was crucial that the certificates of compliance for service on Harrah's and Embassy Memphis Corporation be filed in the clerk's office by February 8. Beasley went to the clerk's office and picked up the papers. According to his proof of service for Embassy Suites Hotel, and as already discussed, he served the registered agent for Embassy Suites' owner on February 5. According to his proofs of service for Harrah's and Embassy Memphis Corporation, he served the Secretary of the Commonwealth as statutory agent for those defendants on February 8. It was Beasley's testimony that after serving the papers on the Secretary, he waited for the papers to be processed, was given the certificates

of compliance, and immediately brought them to the clerk's office. He gave them to a deputy clerk and asked her to file them. He did not watch her file them or see what she did with them. He called plaintiff's attorney's office to confirm that the certificates were filed, but did not get copies. Although he could not state the dates that all of these things occurred, he was positive that he served the Secretary of the Commonwealth and filed the certificates of compliance in the clerk's office on the same day. As already noted, his proofs of service, notarized in accordance with statute, show service on the Secretary on February 8. The certificates of compliance also show service on the Secretary and mailing by the Secretary to Harrah's and Embassy Memphis Corporation on the 8th. Still, the certificates of compliance are marked "filed" by the clerk of this court on February 9. Neither party called the deputy clerk or anyone from plaintiff's counsel's office as a witness. The court finds that the certificates of compliance were filed on February 9.

Although Va. Code § 19.2-271 provides that "[n]o clerk of any court … shall be competent to testify in any criminal or civil matter which came before him in the course of his official duties," that provision has been held not to prevent a clerk from testifying "how and whether he has performed a ministerial function." *Carter v. Commonwealth*, 12 Va. App. 156, 158, 403 S.E.2d 360 (1991).

In making its ruling, the court is not ignoring the reality that no matter how competent and careful its clerk's office is, mistakes are sometimes made. It is by no means inconceivable that a busy deputy clerk might receive a telephone call or be called away on another matter just as she or he is about to mark a paper "filed" and forget to do it until the next day. The court hopes this never happens, but imagines that it could. The court is unwilling to believe, however, that a professional process server, after being told how important it was that the certificates of compliance be filed by February 8, would simply hand them to a deputy clerk without watching them being stamped "filed" or asking for a copy showing that they were filed. Equally hard to believe is that plaintiff's counsel or her office would not have given Beasley specific instructions to obtain a copy marked "filed." With so much at stake, nothing should have been left to chance. Because the court refuses to elevate Beasley's testimony above the presumption of correctness that attaches to the clerk's stamp, the case against Harrah's will be dismissed. Since Embassy Memphis Corporation is not a named defendant, no ruling is made on the "service" on that entity.

## *Order*

This cause came on May 6, 1999, on defendants' motion to dismiss, and was argued by counsel. Upon consideration whereof, and for the reasons stated in the letter opinion dated this date, it is ordered that defendants' motion is granted as to defendant Harrah's Operating Co., Inc., and the action is dismissed as to that defendant. Defendants' motion is denied as to defendant Embassy Suites Hotel.

The parties' objections to the portions of this order adverse to them are noted.

A copy of this order was mailed this day to counsel of record.