COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


SHARON KAY DALTON
                                      MEMORANDUM OPINION*
v.    Record No. 2866-01-2            PER CURIAM
                                      MARCH 5, 2002
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL/
 COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Sharon K. Dalton, pro se, on brief).

            (Jerry W. Kilgore, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Edward M. Macon, Senior Assistant Attorney
            General; Scott John Fitzgerald, Assistant
            Attorney General, on brief), for appellee.


     Sharon K. Dalton (claimant) contends the Workers'

Compensation Commission erred in finding that she failed to

prove either the doctrine of equitable estoppel or the doctrine

of imposition applied to toll the two-year statute of

limitations contained in Code § 65.2-708(A) applicable to her

May 1, 2000 change-in-condition application.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Equitable Estoppel

>To prove estoppel, a claimant must show by "clear, precise and unequivocal evidence" that he relied to his detriment upon an act or statement of an employer or its agent to refrain from filing a claim within the statutory period. Estoppel does not require "proof that the representation [was] false or that the employer intend[ed] to induce reliance. The employee's case is made if the 'representation . . . did in fact induce the [employee] to refrain from filing [a claim].'" However, an employer has no affirmative duty under the Act to inform an injured employee of the need to file a claim with the commission within the statutory period . . . .

Jenkins v. Ford Motor Co., 27 Va. App. 281, 288, 498 S.E.2d 445, 449 (1998) (citations omitted). Furthermore, an "employer is not estopped from asserting the statute of limitations defense merely because it voluntarily paid (1) medical bills, (2) wages, or (3) benefits." Strong v. Old Dominion Power Co., 35 Va. App. 119, 125, 543 S.E.2d 598, 600 (2001) (citations omitted).

In ruling that equitable estoppel did not apply in this case, the commission found as follows:

>[C]laimant testified that she believed that every document that she forwarded to the employer was a claim. She also testified that she spoke to [David] Wingold[, her supervisor,] about being compensated for her lost time from work. The claimant, Wingold, and [Gerald] Powell testified that it was important to follow the employer's internal "chain of command." . . .
>
>Wingold acknowledged that the claimant asked about recovering her lost wages and that he told her that workers' compensation

would pay for those wages. However, this is not the equivalent of a representation that the employer would file a claim on her behalf to recover her lost wages. Wingold did not prevent the claimant from filing, or persuade her not to file, a claim with the Commission. There is no evidence that the employer discouraged her from filing a claim. In fact, the claimant testified that Wingold and Ford told her in May 1999 that workers' compensation would pay for her lost wages. A claim filed within six months of this information would have been timely.

Significantly, the record reflects that the Commission forwarded information to the claimant before she filed her initial Claim for Benefits in 1998. Her 1998 claim included a request for compensation benefits. The claimant had a Hearing and was awarded compensation and medical benefits. She apparently went beyond the "chain of command" to file the initial claim. . . .

As the claimant noted, the employer processed all of her medical bills. However, the employer was merely abiding by the outstanding medical award. The employer's proper action does not absolve the claimant of the statutory requirement to file a claim for addition [sic] benefits within two years from the last day for which compensation was paid. We recognize that she worked for an agency of the Commonwealth of Virginia and that the Commission is also an agency of the Commonwealth of Virginia, which may have led to some confusion. However, this does not alleviate the claimant's responsibility to timely file a claim with the Commission.

The commission's factual findings are supported by credible evidence. Based upon these findings, the commission, as fact finder, could conclude that "the claimant has not proven with

clear and unequivocal evidence that the employer told her that she did not need to file a claim for wage loss."  The commission could also conclude, based upon this record, it was "not persuaded that after a contested Hearing, the employer misled the claimant or misrepresented to her that everything would be paid without further action on her part."  As fact finder, the commission weighed the testimony of claimant and the testimony of employer's witnesses, and concluded claimant failed to prove that employer made any representation, upon which she relied, and which caused her not to file another claim.

Because credible evidence supports the commission's findings, we cannot find as a matter of law that claimant's evidence sustained her burden of proving equitable estoppel.

## Imposition

The doctrine of imposition also does not apply to toll the statute of limitations in this case.  Imposition is based on the principle that "the commission has 'jurisdiction to do full and complete justice in each case,' . . . even though no fraud, mistake or concealment has been shown."  Avon Prods., Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992) (quoting Harris v. Diamond Constr. Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946)).

"The doctrine focuses on an employer's or the commission's use of superior knowledge of or experience with the Workers'

- 4 -

Compensation Act or use of economic leverage, which results in an unjust deprivation to the employee of benefits warranted under the Act." Butler v. City of Va. Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996). The doctrine does not apply where the employer's acts are consistent with an endeavor to comply with the Act. See Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 940, 434 S.E.2d 353, 356 (1993).

Nothing in this record establishes that employer used economic leverage or superior knowledge of the Act to effect an unjust deprivation of benefits, and nothing indicates employer did not endeavor to comply with the Act. To the contrary, employer's conduct showed an intent to comply with the Act. Employer filed a First Report of Accident and paid claimant compensation and medical bills pursuant to the commission's May 18, 1998 decision. Thus, we cannot find as a matter of law that claimant's evidence proved that the doctrine of imposition applied to toll the statute of limitations in this case.

For these reasons, we affirm the commission's decision.

Affirmed.