SOVRAN FINANCIAL CORPORATION, et al.

v.

FRANCES J. NANNEY

No. 0034-91-2

Decided August 20, 1991

COUNSEL

S. Vernon Priddy, III (Sands, Anderson, Marks & Miller, on brief), for appellants.

B. Mayes Marks, Jr. (Marks & Harrison, P.C., on brief), for appellee.

OPINION

ELDER, J.—Sovran Financial Corporation and Pennsylvania Manufacturers' Association Insurance Company (collectively "employer") appeal from a decision of the Industrial Commission awarding Frances J. Nanney temporary total work incapacity compensation commencing July 13, 1989 on a continuing basis. This decision affirmed the July 24, 1990 opinion of the deputy commissioner which vacated the December 14, 1989 award of the claims division. On appeal, the employer asserts that: (1) the commission did not apply the correct standard in vacating the award of the claims division; and (2) the evidence was insufficient, under the standard applied by the commission, to vacate the December 14, 1989 award. We affirm.

On July 10, 1989, Frances J. Nanney suffered a neck injury in an accident arising out of and in the course of her employment with Sovran. Nanney alleges that she later sustained an injury to her back during the course of receiving physical therapy for her neck injury.

On October 9, 1989, Nanney's attorney wrote the Industrial Commission and the employer advising them that he represented the claimant in this matter and requesting that all future correspondence be directed to him. On October 10, 1989, the claimant's attorney wrote the employer notifying it of the claimant's contention that her disability was causally related to the July 10, 1989 injury.

On October 11, 1989, the employer and Nanney executed a Memorandum of Agreement (MOA) and an Agreed Statement of Fact (ASF). The ASF recited that Nanney had returned to work on August 15, 1989 and that compensation would be paid from July 13, 1989 through August 14, 1989. Nanney's attorney was not informed that Nanney signed the documents. On November

20, 1989, the MOA and ASF were filed with the commission.

On November 27, 1989, Nanney filed an application for hearing. On December 7, 1989, Nanney's counsel wrote the commission requesting that an award not be entered on the MOA and ASF because he had not had a chance to review them before Nanney signed the documents. Counsel asked, instead, that Nanney be allowed to go forward on her application for hearing. However, on December 14, 1989, the claims division entered an award approving the MOA and ASF and providing for temporary total disability benefits from July 13, 1989 through August 14, 1989.

On December 28, 1989, Nanney's attorney wrote the commission requesting a hearing be set pursuant to the application for hearing. In the alternative, he requested a review before the commission to determine if the December 14, 1989 award was proper in light of his request to not enter the award. On January 12, 1990, the commission, acting upon Nanney's request for review, determined that Nanney was entitled to a hearing to determine whether the December 14, 1989 award should have been entered. The case was remanded to the hearing docket.

In a July 24, 1990 opinion, the deputy commissioner vacated the December 14, 1989 order and entered an award for temporary total disability benefits commencing July 13, 1989 and continuing. The deputy commissioner noted, "[A]n agreement or an award may be set aside upon evidence of fraud, mistake or imposition." *Harris v. Diamond Constr. Co.*, 184 Va. 711, 36 S.E.2d 573 (1946). The deputy commissioner found that, "in the interest of fairness," the award must be vacated.

Employer's counsel filed a timely request for review of the July 24, 1990 opinion of the deputy commissioner. In a December 6, 1990 decision, the full commission affirmed the deputy commissioner's decision. The commission stated:

> The employer contends the evidence in the record does not reach the level of establishing fraud, mistake or imposition, and we agree with this contention. We find, however, that it is not necessary that the evidence reach such a level in cases where a Request for Review of an award has been timely filed. Where there has been no timely request for Review, the

evidence must reach that level before an award can be set aside. *Harris v. Diamond Construction Co.*, 184 Va. 711, 36 S.E.2d 573 (1946). As noted previously, the carrier did have knowledge that the employee was contending her back injury resulted from the therapy for her neck injury and claim was being made for ongoing work incapacity since she had not returned to work in spite of the Agreed Statement of Fact to the contrary. The request of claimant's counsel that the award not be entered along with the prior correspondence making claim for the back problem and his application for hearing filed prior to the execution of the agreements establish a reasonable basis for vacating the Claims Division Award.

The following chronology outlines the procedural posture of this appeal:

(1) July 10, 1989 - Nanney injured out of and in the course of her employment with Sovran.

(2) Oct. 9, 1989 - Nanney's attorney advises the commission and employer that he represents Nanney.

(3) Oct. 10, 1989 - Nanney's attorney writes employer that Nanney's back problems arose out of physical therapy for neck injury.

(4) Oct. 11, 1989 - Employer and Nanney execute MOA and ASF.

(5) Nov. 20, 1989 - MOA and ASF filed with Commission.

(6) Nov. 27, 1989 - Nanney files application for hearing with commission.

(7) Dec. 7, 1989 - Nanney's counsel writes deputy commissioner requesting that award not be entered on MOA and ASF.

(8) Dec. 14, 1989 - Award entered by claims division on MOA and ASF for the period July 13, 1989-August 14, 1989.

(9) Dec. 28, 1989 - Nanney's counsel requests that a review of the claims division decision be held before the full commission.

(10) Jan. 12, 1990 - Full Commission remands claim to the hearing docket.

(11) July 24, 1990 - Deputy commissioner Stewart vacates Dec. 14, 1989 order and enters award to Nanney beginning July 13, 1989 and continuing.

(12) Dec. 6, 1990 - Full commission affirms July 24, 1990 opinion of deputy commissioner finding that evidence need not show mistake, fraud or imposition since timely request for review was filed.

The employer asserts that the commission erred because the December 14, 1989 award could be set aside only for fraud, mutual mistake or imposition. *See Harris v. Diamond Constr. Co.*, 184 Va. 711, 721, 36 S.E.2d 573, 578 (1946); *J & D Masonry, Inc. v. Kornegay*, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982); *John Driggs Co. v. Somers*, 228 Va. 729, 734, 324 S.E.2d 694, 697 (1985). However, the significance of *Harris* was explained by this court in *Hudock v. Industrial Commission*:

> In *Harris*, the Supreme Court was presented with the issue whether the Commission had the implied power to review and vacate an award upon a petition presented *beyond the statutory time for normal review*. [T]he Supreme Court adopted the more liberal view that the Commission had the implied power, incidental to those expressly granted, to entertain and hear an application, seasonably presented, to vacate and set aside an award procured through fraud or mistake.

1 Va. App. 474, 480, 340 S.E.2d 168, 172 (1986) (emphasis added). Thus, the standard of review in *Harris* and its progeny does not apply when there has been a timely application for review.

As stated in *K & L Trucking v. Thurber*, "Absent the fraud or mistake discussed in *Harris*, the decisions of the Commission or its deputy commissioners *from which no party seeks timely review* are binding upon the Commission." 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985) (emphasis added). However, if there is a timely petition for review, the court need not resort to the rule in *Harris*. Therefore, the commission correctly stated that it is not

necessary to establish fraud, mistake, or imposition when the application for review is timely filed.

■ Code § 65.1-97 provides, "If an application for review is made to the Commission within twenty days from the date of the award, the Full Commission . . . shall review the evidence, or if deemed advisable, as soon as practicable, hear the parties at issue." *See also* Industrial Commission Rule 2. Here, the claims division entered an award on the MOA and ASF on December 14, 1989. In a letter filed December 28, 1989, the claimant sought review of this award. This application for review was timely.

The evidence was sufficient to vacate the December 14, 1989 award. In *Greene v. Wards Co.*, the Industrial Commission stated:

> For the purpose of orderly processing of compensation claims, the Commission has delegated to the Claims Division the authority to approve Agreements and Agreed Statement of Facts which have been executed by the parties and filed with the Commission. Before such approval is made by the Claims Division, *a request from either party not to approve such Agreements will be honored by the Claims Division.* When such request is made and an issue arises as to whether the action of the Claims Division is proper, we hold that either party is entitled to an evidentiary hearing on the issues involved.

63 O.I.C. 149, 150 (1984) (emphasis added).

Here, Nanney's attorney wrote the commission on December 7, 1989 requesting that an award not be entered on the MOA and ASF. However, on December 14, 1989, an award was entered. It is undisputed that the MOA contained significant factual errors of which all parties were, or should have been, aware at the time of its submission. Appellant had not returned to work as indicated in the MOA and all parties were aware of her continuing physical problems. On these grounds, the commission had sufficient evidence to vacate the award.

The Industrial Commission applied the correct standard in vacating the award of the claims division. Also, sufficient evidence

supports the decision to vacate the award. Accordingly, we affirm the commission's continuing award for temporary total work incapacity.

*Affirmed.*

Barrow, J., and Benton, J., concurred.