COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


PHIL DAMEWOOD, ADMINISTRATOR OF
 THE ESTATE OF TEDDY D. DAMEWOOD

                                          OPINION BY
v.    Record No. 0901-98-3        JUDGE RUDOLPH BUMGARDNER, III
                                        JANUARY 26, 1999
LANFORD BROTHERS COMPANY AND
 THE MARYLAND INSURANCE GROUP


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            J. Christopher Clemens (Guynn & Clemens,
            P.C., on brief), for appellant.

            William S. Sands, Jr. (Duncan and Hopkins,
            P.C., on brief), for appellees.


     The claimant's estate appeals the decision of the Workers'

Compensation Commission that denied it the proceeds of a

settlement offer.  The claimant entered into a settlement

agreement with his employer and its insurance carrier and

submitted it to the commission for approval.  When it learned of

the claimant's death, the carrier notified the commission that it

was withdrawing its settlement offer.  The commission held that

the carrier was entitled to withdraw the offer.  Concluding that

Code § 65.2-701 permitted the withdrawal, we affirm the

commission's decision.

     The claimant received an injury in September 1995.  The

employer accepted his claim as compensable, and the commission

awarded benefits.  During the fall of 1997, the claimant and the

carrier negotiated a settlement agreement.  They submitted

settlement documents to the commission December 8, 1997, but approximately two weeks later the claimant died of causes unrelated to his compensable injury. The estate notified the commission of the claimant's death and requested payment of the settlement directly to the estate. The carrier then notified the commission that it was withdrawing its settlement offer. The deputy commissioner concluded that either party could withdraw consent before commission approval of the settlement agreement, and the full commission affirmed that decision.

Compromise settlement agreements are not binding until approved by the commission. See Code § 65.2-701(A).[1] The code

---

[1]Code § 65.2-701:

> A. If after injury or death, the employer and the injured employee or his dependents reach an agreement in regard to compensation or in compromise of a claim for compensation under this title, a memorandum of the agreement in the form prescribed by the Commission shall be filed with the Commission for approval. The agreement may be prepared by the employee, the employer or the compensation carrier. If approved, the agreement shall be binding, and an award of compensation entered upon such agreement shall be for all purposes enforceable as provided by § 65.2-710. If not approved, the same agreement shall be void. Such agreement may be approved only when the Commission, or any member thereof, is clearly of the opinion that the best interests of the employee or his dependents will be served thereby. The approval of such agreement shall bind infant or incapacitated dependents affected thereby. Any agreement entered into during the pendency of an appeal to the Court of Appeals shall be effective only with the approval of the Commission as herein provided.

provides that when a claimant and employer have reached a settlement agreement and filed a memorandum of the agreement with the commission for approval, the agreement is binding if the commission approves it.  The agreement is not binding until the commission approves it, and either party may withdraw its offer to settle before approval.  See Brickell v. Virginia State Police Dep't, No. 150-35-39 (Va. Workers' Comp. Comm'n Dec. 19, 1994) (agreement is neither final nor enforceable until approved by the commission).  The code contains no exception to the basic provision that an agreement becomes binding when the commission approves it.

The estate contends the settlement agreement is binding on the employer if the claimant dies before the commission approves the agreement.  It asserts that the commission in Lloyd v. Halifax Cotton Mills, Inc., 64 O.I.C. 209 (1985), created an exception to the general provision when the claimant dies of unrelated causes.  The estate argues the exception for death created in Lloyd binds the commission unless Sovran Financial Corp. v. Nanney, 12 Va. App. 1156, 408 S.E.2d 266 (1991), overruled Lloyd.

In Lloyd, the claimant and the carrier filed their petition to have the commission approve a compromise settlement.  The claimant died before the commission approved the settlement, and the carrier argued that the death voided the settlement.  The deputy commissioner approved the settlement anyway.  The full

- 3 -

commission ruled that claimant's death did not void the agreement and the employer was bound by the settlement.  It reasoned that the commission must approve an agreement if it was in a claimant's best interest.  Since this claimant was dead, the only conclusion it could reach would be that a settlement was in the best interest of the claimant.  Because death did not void the settlement, the employer was bound when the commission did approve it.

In Nanney, the commission had approved a settlement between the claimant and the carrier.  Claimant's attorney petitioned for review of the approval within twenty days of the approval.  This Court held that the commission could review an approved agreement if a petition to review was filed within twenty days.  The petition did not require a claim of fraud or mistake.  See id. at 1159, 408 S.E.2d at 268 (citing Harris v. Diamond Constr. Co., 184 Va. 711, 721, 36 S.E.2d 573, 578 (1946)).  That holding does not affect the decision in Lloyd.

Both parties cite commission decisions that suggest Nanney created a rule that either party could unilaterally withdraw a settlement offer for up to twenty days after the commission has approved a settlement.  However, Nanney does not support such a broad interpretation.  It simply held that either party could petition for review within the twenty-day period.

Code § 65.2-701(A) provides that when a claimant and the employer have reached a settlement agreement and have filed a

memorandum of the agreement with the commission for approval, such agreement shall be binding if approved. Compromise settlement agreements are not binding until approved by the commission. Lloyd held that death did not void the agreement, so when the commission approved the settlement after death, the employer was bound. It did not create an exception to the general rule fixing the point at which a settlement becomes binding. Nanney applies after the commission has given approval.

In the present case, the carrier withdrew its settlement offer before approval by the commission. Although the claimant died, the carrier had every right to withdraw its consent before approval made it a binding agreement. The plain wording of the statute permitted this action, and it contemplates no exception if the claimant should die in the interim between agreement and approval.

For the reasons cited, we affirm the commission's decision.

Affirmed.