COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


RUSSELL A. STRONG
                                              OPINION BY
v.    Record No. 1866-00-3        JUDGE RUDOLPH BUMGARDNER, III
                                            MARCH 20, 2001
OLD DOMINION POWER COMPANY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             P. Heith Reynolds (Wolfe, Farmer,
             Williams and Rutherford, on brief), for
             appellant.

             Elsey A. Harris, III (Chad S. Dotson;
             Mullins, Harris & Jessee, on brief), for
             appellee.


     Russell A. Strong appeals the decision of the Workers'

Compensation Commission that the statute of limitations barred

his claim for benefits.  Concluding that Old Dominion Power

Company properly asserted the statute of limitations as a

defense, we affirm.

     The parties stipulated the injury was compensable and the

periods of disability.  The employee injured his back at work on

June 13, 1995.  The employer put the employee on long-term

disability on February 11, 1997, paid all medical bills, and

paid either benefits or compensation from June 20, 1997 through

December 1999.  The employer filed its first report of accident

with the commission on February 20, 1996.  The commission sent

the employee a "blue letter" on February 26, 1996, which explained an employee's obligation to file a claim within two years from the date of the injury. That letter was never returned to the commission as undelivered.

The two-year period for filing a claim expired June 13, 1997.[1] The employee filed a claim for compensation on November 2, 1998. The employer asserted the defense of the statute of limitations, and the commission ruled the statute barred the claim.

The employee dealt with the employer's human resources department about his injury. He spoke perhaps twice with claims representative Carl Wise about whether the employer would pay for the functional capacities examination, wages, and medical bills. The employee testified the employer paid all his medical bills, benefits, and compensation.

The employee also spoke with Allyson Ritchie of the human resources department about his entitlement to long-term disability benefits. Ritchie wrote the employee a letter March 26, 1998 that explained supplemental insurance and noted the insurance benefit would be offset by any compensation paid.

---

[1] The commission found that the employee did not file his claim until seventeen months after the statute of limitations period expired, two years after the accident. We note, however, that the statute was tolled until February 20, 1998, two years after the filing of the employer's first report. Code § 65.2-602. This discrepancy does not affect the outcome of this case.

-

Both parties signed a memorandum of agreement and submitted it to the commission in March 1998. The agreement was not processed because it was incomplete. A second memorandum of agreement was submitted, but it was not signed by both parties. The commission never approved an agreement and never entered an award. There was no outstanding award in this case.

The employee filed his claim after the statute of limitations expired, but contends the statutory defense is not available to the employer. He asserts three different doctrines that bar the employer's plea of the statute of limitations: estoppel, imposition, and de facto award.

A worker must file a claim within two years of the industrial accident. Code § 65.2-601. The statute of limitations bars the employee's claim unless the bar is tolled, Code § 65.2-602, the employer is estopped from asserting the defense, American Mutual Liability Ins. Co. v. Hamilton, 145 Va. 391, 135 S.E. 21 (1926), or the doctrine of imposition bars the defense, Avon Products, Inc. v. Ross, 14 Va. App. 1, 415 S.E.2d 225 (1992).

To estop the employer from pleading the statute of limitations, the employee must present clear, precise, and unequivocal evidence that he refrained from filing a claim because he relied to his detriment upon the acts or statements of the employer. Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990). If the

-

employer's representation induced the employee to refrain from filing a claim, it does not matter whether the employer harbored such intent.  Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 325, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

The employee testified that no one told him he must file a claim within two years or do anything further than he had done. He points to the employer's payment of medical bills, the employer's participation in his medical care, phone conversations, the letter of March 26, 1998 from Ritchie, and the employer's 1994 personnel handbook to support his claim that the employer's conduct induced his reliance.  The employee contends the letter from Ritchie told him to sit back and wait, and he relied on that advice.

First, employers have no obligation to advise an employee of the period in which a claim must be filed.  Stuart Circle Hosp. v. Alderson, 223 Va. 205, 208, 288 S.E.2d 445, 446 (1982). When the deputy commissioner asked the employee what Wise or anyone else said about filing a workers' compensation claim, the employee responded, "They just -- I never had any conversation at all."  The commission found that the employer made no assurances regarding the workers' compensation claim.  The employer's silence, where there was no duty to disclose, was not a representation upon which the employee could later rely.  It

-

was not employer's responsibility to advise the employee of the filing requirement.

Second, the employer is not estopped from asserting the statute of limitations defense merely because it voluntarily paid (1) medical bills, id. at 208, 288 S.E.2d at 446, (2) wages, Clark v. United Airlines, 223 Va. 197, 200, 288 S.E.2d 441, 442-43 (1982), or (3) benefits, Bowden v. Newport News Shipbuilding & Dry Dock Co., 11 Va. App. 683, 686-87, 401 S.E.2d 884, 886 (1991). The employer's payment of benefits and medical bills and its participation in the employee's medical care for two years are not sufficient conduct upon which the employee can rely to excuse his failure to file a claim.

The employee also stresses Ritchie's letter of March 26, 1998. The employee was asked, "Did [Ritchie] tell you . . . you didn't need to file a claim with the commission, [or] that you didn't need to do anything just as far as perfect your claim or anything like that?" The employee responded, "I sent in what she sent me to send in to CNA [on the supplemental insurance policy] and she said I was in good shape. Just wait for CNA to come through." The letter did not state that the employee need not file a workers' compensation claim, or that an application had been filed, or that everything that needed to be done had been done. The letter outlined long-term disability benefits, not a workers' compensation claim.

-

The employee contends the employer's handbook mislead him because the workers' compensation section of the handbook stated the employee's sole responsibility was to notify his employer of the accident.  The commission did not specifically address the employer's handbook, but that statement does not amount to a misrepresentation upon which the employee could reasonably rely. The employee never testified that he relied upon the handbook. He never explained why the blue letter did not correct any misconception that arose from the handbook.  The evidence did not support the employee's contention that this particular document caused him to refrain from filing a claim.

Where the employee receives notice from the commission about the filing of a claim, there is a presumption he was not prejudiced.  Code § 65.2-602; Caskey v. Dan River Mills, 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983); Jenkins v. Ford Motor Co., 27 Va. App. 281, 291, 498 S.E.2d 445, 450 (1998).  Though the employee did not recall receiving the commission's blue letter, the commission found no evidence that he did not receive that guide.  It was not returned to the commission.

No evidence suggested an affirmative or deliberate effort by the employer to prejudice the employee's right to file a timely claim.  No statement or conduct by the employer constituted a representation concerning the workers' compensation claim upon which the employee could reasonably rely to his detriment.  Cf. American Mutual, 145 Va. at 406, 135 S.E.

-

at 25; Cibula, 14 Va. App. at 325, 416 S.E.2d at 711 (employer estopped from asserting defense because it affirmatively told employee claim had been submitted and his bills would be paid).

Further, with the exception of the employer's personnel handbook given the employee in 1994, the statements and conduct upon which the employee claimed to have relied occurred after the statute of limitations expired. They could not have induced the employee to delay filing a timely claim.

Next, we consider whether the commission erred in ruling the doctrine of imposition was inapplicable. The doctrine of imposition "empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown." Odum v. Red Lobster #235, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995). The commission is empowered "to do full and complete justice." Avon Products, 14 Va. App. at 8, 415 S.E.2d at 229 (imposition barred employer from asserting statutory defense where employer assured employee that all papers necessary to filing a claim had been filed).

The doctrine prevents an employer's use of its superior knowledge of, or experience with, the Workers' Compensation Act or its use of economic advantage to cause an unjust deprivation to the employee of benefits provided by the Act. "[T]he doctrine applies where, . . . the record shows a series of acts by the employer . . . upon which a claimant naturally and

-

reasonably relies to his or her detriment." <u>Butler v. City of Virginia Beach</u>, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996) (citations omitted).  As noted, the evidence in this case does not support a finding of reasonable reliance by the employee.

The employer's conduct evinced its intent to comply with the Act.  The employer filed a first report of accident with the commission, accompanied the employee to his medical appointments, exchanged memoranda with his physicians, and paid compensation and medical bills for two years.  These actions were consistent with the intent of the Act, and the doctrine of imposition does not apply where the employer's conduct is consistent with trying to comply with the Act.  <u>Cheski v. Arlington County Public Schools</u>, 16 Va. App. 936, 940, 434 S.E.2d 353, 356 (1993).  The commission did not err in finding the doctrine of imposition inapplicable to these facts.

The employee argues <u>Avon Products</u> controls.  In that case, the employee contacted the employer immediately after her injury and the employer paid her compensation for four years.  The employee received notice from the commission to file a memorandum of agreement.  She immediately contacted the employer about the need to file the agreement and the employer advised her "whatever was necessary to protect her interests had been done."  14 Va. App. at 3, 415 S.E.2d at 226.  No memorandum was filed or accepted.  The commission found the employer's representations justified the claimant's reliance and the facts

-

created an imposition that required the commission to hold that an award was in effect.

Here, the employer made no similar representations to the employee regarding the compensation claim. The payment of benefits and medical bills for two years was not sufficient. While the employer accepted the claim as compensable, the filing of the memorandum of agreement did not occur until after the statutory period had passed. Moreover, without commission approval, a memorandum of agreement is null and void. Code § 65.2-701(A); Damewood v. Lanford Brothers Co., 29 Va. App. 43, 45, 509 S.E.2d 530, 531 (1999).

Finally, the employee suggests that the doctrine of de facto awards might be applied. The employee concedes that the doctrine has not been applied to a plea of the statute of limitations and does not suggest why it should be extended.

The doctrine of de facto awards was first approved in National Linen Serv. v. McGuinn, 5 Va. App. 265, 269-70, 362 S.E.2d 187, 189 (1987) (en banc). That case specifically distinguished cases involving a plea of the statute of limitations. On the basis of that authority, Adkins v. Nabisco Biscuit, 97 Vap. UNP 1803962, Record No. 1803-96-2 (July 29, 1997), held de facto awards did not apply to the statute of limitations defense, which comported with the commission's ruling in Adkins v. Nabisco, Inc., 75 O.W.C. 285 (1996). Here, there is no presumed prejudice because the employer filed the

-

first report.  We decline to apply the doctrine to a case lacking misrepresentation or reasonable reliance but demonstrating the employer's compliance with the Act.

Accordingly, we affirm the commission's holding that the statute of limitations barred the claim.

Affirmed.