COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


LOUIS SMITH
                                      MEMORANDUM OPINION*
v.    Record No. 2679-01-4              PER CURIAM
                                       FEBRUARY 5, 2002
COUNTY OF FAIRFAX SCHOOL BOARD


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Craig A. Brown; Ashcraft & Gerel, on brief),
                for appellant.

                (Michael N. Salveson; Hunton & Williams, on
                brief), for appellee.


        Louis Smith (claimant) contends the Workers' Compensation

Commission erred in refusing to apply the doctrine of imposition

to find that his November 18, 1999 claim seeking an award of

permanent partial disability ("PPD") benefits for impairment of

his right arm was not barred by the applicable statute of

limitations contained in Code § 65.2-708.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

So viewed, the evidence proved that claimant was last paid compensation pursuant to an award through July 17, 1995 and that he received his full salary while performing light duty work until he retired on December 23, 1995.  Thus, under Code § 65.2-708(C), claimant had until December 23, 1998 to file his claim for PPD benefits.[1]  He filed a timely claim on January 22, 1998 seeking an award of PPD benefits to his right arm and shoulder based upon a twenty percent disability rating by Dr. John Bruno.  Claimant asserted a loss of use of his right arm.  When the commission referred the claim to the hearing docket, it stated in its January 4, 1999 letter to the parties that the application was "based on a permanent disability rating from Dr. Bruno of 20% to the right arm."  The deputy commissioner denied the claim because claimant's medical evidence showed that the twenty percent rating was applicable to the right shoulder and failed to prove a disability rating to a scheduled member, i.e., claimant's right arm.  The full

---

[1] Code § 65.2-708(A) provides that no review of an award upon the ground of change in condition "shall be made after twenty-four months from the last day for which compensation was paid pursuant to an award under this title, except: (i) thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims under § 65.2-503 . . . ."  Subsection (C) provides further that "[a]ll wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation."

-

commission affirmed that denial, and the decision became final upon expiration of the appeals period.

Appellant's second application for PPD benefits was not filed until November 19, 1999, almost one year after the expiration of the limitations period.  Thus, his second claim for PPD benefits was untimely unless the doctrine of imposition applied to save his claim.

In refusing to apply the doctrine of imposition, the commission found as follows:

> The Deputy Commissioner held that the second claim was not barred because there was imposition.  The Deputy Commissioner noted that the letter referring the first claim to the docket stated the referral was based on a rating "to the right arm."  The Deputy Commissioner characterized this as "inaccurate and misleading."

> The Deputy Commissioner did not explain how this statement was inaccurate or misleading.  In fact, the statement was consistent with claimant's characterization of his claim:  "Please accept this letter as claimant's statement on the Record in connection with the Application for hearing filed on January 21, 1998, seeking an award of permanent partial disability benefits to his right arm and shoulder based on the rating of 20% by Dr. John Bruno," . . . "[W]e submit that the claimant has shown he suffered a loss of use of right arm."

The commission went on to quote employer as follows:

> "It defies logic to suggest that the Commission's solitary reference to claimant's right arm rather than his right shoulder misled the claimant into believing that his own medical evidence regarding the disability to his shoulder was automatically

-

converted into medical evidence relating to his right upper extremity. The medical records speak for themselves on that issue, as Deputy Commissioner Phillips and the Full Commission rightly determined with respect to claimant's first PPD claim. In short, the claimant had every opportunity to develop medical evidence regarding the appropriate disability rating, if any, applicable to his right arm. He simply failed to do so in a timely fashion. Neither the employer nor the Commission impeded or precluded the claimant's efforts to obtain such evidence and thus worked no 'imposition' upon the claimant."

In Strong v. Old Dominion Power Co., 35 Va. App. 119, 543

S.E.2d 598 (2001), we recognized as follows:

The doctrine of imposition "empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown." The commission is empowered "to do full and complete justice."

The doctrine prevents an employer's [or the commission's] use of its superior knowledge of, or experience with, the Workers' Compensation Act or its use of economic advantage to cause an unjust deprivation to the employee of benefits provided by the Act. "[T]he doctrine applies where, . . . the record shows a series of acts by the employer [or the commission] . . . upon which a claimant naturally and reasonably relies to his or her detriment."

Id. at 126-27, 543 S.E.2d at 601 (citations omitted).

Nothing in this record established that the employer or the commission committed a series of acts upon which claimant naturally or reasonably relied to his detriment causing him not

-

to file a timely PPD claim for his right arm.  No evidence showed that the employer or the commission used economic leverage or superior knowledge of the Act to effect an unjust deprivation of benefits, and nothing indicated that they did not endeavor to comply with the Act.

We agree that the commission's sole reference to claimant's right arm in its January 4, 1999 letter referring his first claim to the docket was not sufficient to invoke the doctrine of imposition.  At that time, claimant asserted that he was seeking an award of PPD benefits to his right arm and his shoulder.  In addition, his own medical evidence showed a disability rating to his right shoulder not his right arm.  More importantly, the limitations period expired on December 23, 1998 <u>before</u> the commission sent its January 4, 1999 letter to the parties.  Therefore, claimant could not have relied to his detriment upon the letter sent on January 4, 1999 to prevent him from filing a timely PPD claim for his right arm.

The record supports the commission's finding that claimant had ample opportunity to file a timely claim for PPD benefits for impairment to his right arm, but simply failed to do so.

For these reasons, we affirm the commission's decision refusing to invoke the doctrine of imposition to save claimant's PPD claim.

<u>Affirmed.</u>

-