COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


GLORIA ANN BLANKENSHIP
                                        MEMORANDUM OPINION*
v.    Record No. 2906-01-3                  PER CURIAM
                                          APRIL 2, 2002
TOTAL HOME CARE AND
 EMPLOYERS INSURANCE OF WAUSAU


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Gerald F. Sharp; Gerald F. Sharp, P.C., on
              brief), for appellant.

              (Michael F. Blair; Lisa Frisina Clement; Penn
              Stuart, on brief), for appellees.


      Gloria Ann Blankenship (claimant) contends the Workers'

Compensation Commission erred in finding that the deputy

commissioner's February 8, 2001 opinion, from which claimant did

not seek timely review, became final and, therefore, the

commission did not have jurisdiction to review that decision.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

      The material facts are not in dispute.  On October 27,

2000, claimant filed a letter application seeking compensation

benefits for a March 15, 2000 injury by accident.  Claimant

---

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

alleged that her average weekly wage was $969.95. On January 31, 2001, the parties filed a stipulated agreement with the commission reflecting that claimant's average weekly wage was $887.65.

In a February 8, 2001 opinion, the deputy commissioner relied upon the signed stipulations and awarded claimant temporary total disability benefits from March 16, 2000 through November 19, 2000, at the maximum compensation rate of $567, based on the stipulated pre-injury average weekly wage of $887.65. The deputy commissioner also found that claimant returned to light-duty work on November 20, 2000, earning an average weekly wage of $680, and awarded her temporary partial disability benefits at the weekly rate of $138.44, from November 20, 2000, and continuing. The record shows that claimant received notice of the February 8, 2001 opinion on February 12, 2001, and employer received notice of that opinion on February 9, 2001.

On February 20, 2001, claimant filed a motion to withdraw the stipulations and to reconsider her average weekly wage. In the motion, claimant's counsel stated: "Mr. Blair and I are trying to come to an agreement, but I was worried about the twenty day appeal period." However, claimant did not request review of the February 8, 2001 opinion in her February 20, 2001 letter or at any other time.

-

In a February 20, 2001 letter to the parties, the deputy commissioner responded as follows:

> Mr. Sharp has withdrawn claimant's agreement to the wage as stated in the February 8, 2001 agreement.
>
> The general rule is that stipulations are binding even if they are incorrect; however, the Commission has taken the position that questions regarding wages can be revisited so long as such is done in a timely manner. This is because the employer is in the best position to advise the Commission of the correct wage. Moreover, claimants are entitled to a correct calculation of the wage.
>
> We still have the file. Since Mr. Sharp's request is within 20 days, we have authority to amend the wage. If you want us to do that, please advise.

In a February 22, 2001 letter, employer advised the commission that it was making payments pursuant to the February 8, 2001 order. In a March 6, 2001 letter, employer's counsel advised the commission that "[s]ince the claimant has withdrawn her agreement to the stipulation in this case, we are going to suspend any further payment, since we are not under an order at this point."

In a March 16, 2001 letter to the parties' counsel, the deputy commissioner informed them the February 8, 2001 opinion had not been vacated. In addition, he advised them that the opinion had not been amended, because they had not advised him of a new agreement regarding claimant's average weekly wage.

-

He further stated that since neither party had appealed the February 8, 2001 opinion, it "is now final and binding."

On March 23, 2001, claimant filed a request for review of the deputy commissioner's March 16, 2001 "letter Opinion," taking exception to the finding that the February 8, 2001 opinion had not been vacated or appealed and was, therefore, final and binding.

The commission ruled that the deputy commissioner did not err in failing to permit claimant to withdraw stipulations after the February 8, 2001 opinion was issued; in finding that the February 8, 2001 opinion was final and binding; and in ruling that it did not have jurisdiction to review the case. In so holding, the commission found as follows:

> The claimant withdrew her stipulation as to her pre-injury average weekly wage after the Deputy Commissioner issued an Opinion in this matter. While we agree with the claimant's contention that the Deputy Commissioner had the authority to reconsider this issue, we also find that he had the authority to decline to change the wage absent agreement by both parties. However, the Deputy Commissioner has no jurisdiction over the case after the appeal period has expired. Furthermore, the Commission has no jurisdiction to review a case absent a timely filed request for Review.

> In this case, the claimant never filed a request for Review of the Deputy Commissioner's February 8, 2001, Opinion. The February 8, 2001, Opinion became final 20 days after the parties received notice of the Opinion.

-

> The claimant's March 23, 2001, request
> for Review of the "letter Opinion issued by
> Deputy Commissioner Philip E. Burchett on
> March 16, 2001" is insufficient to convey
> jurisdiction to the Commission to Review any
> issue decided in the February 8, 2001,
> Opinion. In fact, the March 16, 2001,
> letter was not an Opinion. It merely
> conveyed information to the parties
> regarding the status of the case.

(Footnote omitted.)

Code § 65.2-705(A) requires that an application for review of a deputy commissioner's decision be filed with the commission within twenty days from receipt of notice of an award sent pursuant to Code § 65.2-704(A). "'Absent . . . fraud or mistake . . . , the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the commission.'" Sovran Fin. Corp. v. Nanney, 12 Va. App. 1156, 1160, 408 S.E.2d 266, 269 (1991) (quoting K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)). Thus, absent a timely review request or an allegation of fraud or mistake in the procurement of an award, the commission loses jurisdiction over an award after twenty days from the date of that award. See McCarthy Elec. Co. v. Foster, 17 Va. App. 344, 345, 437 S.E.2d 246, 247 (1993).

"[I]t [was] within the commission's discretion to . . . examine the [letters] of the deputy commissioner . . . to ascertain the result[s] intended," and we will not disturb the commission's determination unless "arbitrary or capricious."

-

<u>Rusty's Welding Service, Inc. v. Gibson</u>, 29 Va. App. 119, 130, 510 S.E.2d 255, 260-61 (1999) (<u>en</u> <u>banc</u>).  In this case, the commission examined the deputy commissioner's February 20, 2001 letter to the parties' counsel, and concluded he correctly asserted that he had authority to amend the average weekly wage or decline to do so, absent an agreement of the parties.  No language in the February 20, 2001 letter indicated that the deputy commissioner had vacated or withdrawn the February 8, 2001 opinion.  In addition, the commission examined the deputy commissioner's March 16, 2001 letter and concluded that it did not constitute an opinion, but merely conveyed information to the parties regarding the status of the case.  The commission recognized that the deputy "had no jurisdiction over the case after the [twenty-day] appeal period . . . expired."

Our review of the record discloses ample support for the commission's interpretations of the deputy commissioner's February 20, 2001 and March 16, 2001 letters, therefore, we decline to disturb those findings on appeal.  Based upon those findings, the commission did not abuse its discretion in concluding that the deputy commissioner's February 20, 2001 letter did not vacate the February 8, 2001 opinion.  Thus, the commission did not err in finding that claimant did not seek

-

timely review of that opinion, rendering it final and binding, and that the commission had no jurisdiction over this matter.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.