COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


GIANT FOOD INC. AND
 LUMBERMENS MUTUAL CASUALTY COMPANY

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0406-04-4                   JUDGE JEAN HARRISON CLEMENTS
                                                                  JANUARY 11, 2005
JOANN WEBB


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Melissa A. Zeller (Jordan, Coyne & Savits, L.L.P., on briefs), for
               appellants.

               Peter J. Jones for appellee.


        Giant Food Inc. and Lumbermens Mutual Casualty Company (collectively, employer)

appeal an award by the Workers' Compensation Commission (commission) of disability benefits

and medical benefits to Joann Webb (claimant).  On appeal, employer contends the commission

erred in finding that claimant's claim for benefits was not barred by the statute of limitations set

forth in Code § 65.2-601.  Finding no error by the commission, we affirm the award.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

The relevant facts in this case are not in dispute. On October 13, 1997, claimant suffered an injury to her lower back while working for employer. Employer accepted the injury as compensable and voluntarily paid disability benefits and medical expenses for a while. On May 21, 1998, employer filed an Employer's First Report of Accident, notifying the commission of claimant's work-related injury. The report listed claimant's address as 6770 Maxwell Avenue, Gainesville, Virginia 22065. On May 28, 1998, the commission sent a notification letter to the parties, informing them that claimant's accident had been reported to the commission. That letter also advised claimant to read "the important information" on the back of the letter and in the enclosed guidebook, which informed her, *inter alia*, that she was required to file a claim within two years of the date of the accident. Claimant acknowledged that she received the guidebook.

On August 31, 1998, the parties filed the following six documents with the commission: (1) a Memorandum of Agreement reflecting employer's agreement to pay claimant temporary total disability benefits of $340.88 per week beginning October 14, 1997, based on a pre-injury average weekly wage of $511.33; (2) an Agreed Statement of Fact acknowledging that employer paid claimant benefits in the amount of $6,768.92 for the period October 14, 1997, through March 1, 1998; (3) a Supplemental Memorandum of Agreement reflecting employer's agreement to pay claimant temporary total disability benefits of $340.88 per week during total incapacity, beginning March 15, 1998; (4) an Agreed Statement of Fact acknowledging that employer paid claimant benefits in the amount of $3,798.31 for the period March 15, 1998, through May 31, 1998; (5) a Supplemental Memorandum of Agreement reflecting employer's agreement to pay claimant temporary partial disability benefits of $115.44 per week during partial incapacity, beginning June 1, 1998; and (6) an Agreed Statement of Fact acknowledging that employer paid

claimant benefits of $395.82 for the period June 1, 1998, through June 24, 1998. All of the documents were fully executed by the parties. The Memorandum of Agreement provided no information regarding the time, place, cause, or nature of the accident.

By letter dated October 6, 1998, a claims examiner with the commission notified employer that the parties' Memorandum of Agreement form was being rejected because it failed to "include the date and nature of injury or illness." The letter further provided as follows:

> The employee, by copy of this letter, is advised that if a properly completed Memorandum of Agreement is not received for his signature, benefits may be sought by completing the enclosed Claim for Benefits form. Please note that this form must be filed with the Commission within two years from the date of the accident or the claim may be barred by the statute of limitations.

> The Commission will take no additional action until either the Memorandum of Agreement or Claim for Benefits are received.

Employer took no action to submit a "properly completed" Memorandum of Agreement, but continued to make voluntary periodic payments of benefits to claimant through August 25, 1999. Similarly, claimant did not respond to the commission's October 6, 1998 letter. She testified she did not recall receiving that letter, explaining that, although she never moved, the post office changed her address on an unknown date between 1998 and 2002 from Gainesville, Virginia 22065 to Warrenton, Virginia 20187. Claimant acknowledged that, despite the address change, she continued to receive mail addressed to the Gainesville address, such as the notice of the hearing before the deputy commissioner, which was sent in February 2002. The commission's file does not reflect that the commission's October 6, 1998 letter was returned by the post office.

On January 4, 2002, claimant filed a Claim for Benefits, alleging a compensable injury by accident on October 13, 1997. Employer defended the claim on the ground that it was barred by the statute of limitations.

After conducting a hearing on claimant's claim on May 21, 2002, the deputy commissioner found that claimant's claim was time barred because no claim was filed with the commission within two years after the work-related accident, as required by Code § 65.2-601.

Claimant requested a review by the full commission. Claimant argued, *inter alia*, that the agreements submitted by the parties on August 31, 1998, constituted an application for benefits under Code § 65.2-601. In response, employer argued that, pursuant to Code § 65.2-701(A), the defective, rejected agreements were "null and void" and, thus, to "be given no effect."

In its April 10, 2003 opinion, the full commission reversed the deputy commissioner's decision, finding that the agreements executed by the parties and filed with the commission on August 31, 1998, were sufficient to constitute the filing of a claim. The commission reasoned as follows:

> The purpose of an initial claim is to fairly apprise the Commission and the employer that a claim is being made. It is important because it is often the first notice that the employer and insurance carrier have of the alleged accident and the fact that benefits are being claimed. Here, the parties clearly knew about the accident and the related facts because they agreed in filings with the Commission that the accident was compensable. In fact, the agreements reflect that compensation benefits were paid for several periods. The only reason the Memorandum of Agreement was rejected was because it did not have the accident date and nature of injury on it. However, this information was known to the parties and the Commission because it was included in the [Employer's First Report of Accident] which was filed on May 21, 1998. In this case, the parties agreed that the accident was compensable and filed multiple executed agreements, which were rejected because they had not been filled out completely, although information was known by all interested parties. In a case where fully executed agreements, which were filed within two years from the accident date as required by § 65.2-601, reveal that the parties agreed that the accident was compensable, it would place form over substance to find that those multiple agreements are not sufficient to constitute a claim.

The commission remanded the case to the deputy commissioner for a determination on the merits.

- 4 -

Employer filed a notice of appeal to this Court on May 9, 2003. Finding the order appealed from was interlocutory, we dismissed the appeal without prejudice on June 17, 2003.

In an opinion dated August 28, 2003, the deputy commissioner awarded claimant benefits based on the parties' stipulation that claimant was entitled to benefits if her claim was not barred by the statute of limitations. Upon review, the full commission affirmed the deputy commissioner's award, and this appeal followed.

## II. ANALYSIS

On appeal, employer contends the commission erred in ruling claimant's claim for benefits was not barred by the statute of limitations. Specifically, employer argues the commission erred (1) in considering whether the rejected agreements filed August 31, 1998, constituted the filing of a claim, even though that issue was not before the deputy commissioner, and (2) in finding those agreements constituted the filing of a claim.

### A.

Employer contends that the only claim for benefits properly before the deputy commissioner at the May 21, 2002 hearing was the January 4, 2002 Claim for Benefits that was filed more than two years after the date of claimant's accident, and was, thus, time barred under Code § 65.2-601.[1] There was, employer asserts, no mention of any other claim in the hearing notice. Thus, employer argues, the commission erred in considering whether the rejected agreements constituted a filed claim because that issue was not before the deputy commissioner.

We hold that our consideration of this claim of commission error is procedurally barred under Rule 5A:18. While it is true that the May 21, 2002 hearing before the deputy commissioner was docketed for a hearing solely on the Claim for Benefits filed January 4, 2002,

---

[1] Code § 65.2-601 provides in relevant part that "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the Commission within two years after the accident."

employer asserted no objection to claimant's raising in her request for review of the deputy commissioner's decision the argument that the agreements submitted by the parties on August 31, 1998, constituted the filing of a claim. Indeed, employer argued in its written statement only that employee's argument lacked merit. Employer never argued that claimant could not properly make such an argument or that the commission could not properly consider it because that issue was not before the deputy commissioner. Likewise, employer raised no such argument before the deputy commissioner or the commission after the commission's April 10, 2003 decision. In other words, employer never brought to the commission's attention the argument it now makes on appeal. We will not consider for the first time on appeal an issue that was not brought before the commission. See Rule 5A:18; Henrico Pub. Utils. v. Taylor, 34 Va. App. 233, 234, 540 S.E.2d 501, 506 (2001).

B.

Employer also argues that the incomplete Memorandum of Agreement filed August 31, 1998, was rejected by the commission and was thus null and void. Consequently, employer contends, the commission erred in finding that the Memorandum of Agreement and the other executed agreements filed August 31, 1998, constituted the filing of a claim for benefits.[2] We disagree.

---

[2] Employer also contends that the rejected agreements did not constitute the filing of a claim prior to the running of the statute of limitations because they did not inform employer that there was a disputed ongoing claim for benefits, thus depriving it of procedural and due process protections afforded employers under the Workers' Compensation Act and the rules of the commission. Because employer never raised this argument before the commission and, indeed, stipulated to the periods of disability sought after August 31, 1998, and voluntarily paid benefits through August 25, 1999, we do not address this issue here. Rule 5A:18; see also Manns v. Commonwealth, 13 Va. App. 677, 680, 414 S.E.2d 613, 615 (1992) (noting that we will not permit a party to invite error and then "take advantage of the situation created by his own wrong" (internal quotation omitted)).

The right to compensation under the Workers' Compensation Act is barred unless claimant files an original claim for benefits with the commission within two years after an accident. Code § 65.2-601; Commission Rule 1:1. "The timely filing of an original claim is jurisdictional, and a claimant bears the burden of proving his claim was timely filed." Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 502, 553 S.E.2d 146, 149 (2001). However, the Act "does not give a definition of 'claim.'" Garcia v. Mantech Int'l Corp., 2 Va. App. 749, 752, 347 S.E.2d 548, 550 (1986). "'[N]either the Act nor the commission's rules require that a claim must be filed on [the commission's standardized Claim for Benefits form] or any other form.'" Fairfax County Sch. Bd. v. Humphrey, 41 Va. App. 147, 156, 583 S.E.2d 65, 69 (2003) (quoting Massey Builders, 36 Va. App. at 503, 553 S.E.2d at 150).

Commission Rule 1.1(A) sets forth the requirements for a Claim for Benefits as follows:

> An original claim for benefits shall be in writing, signed and should set forth:
>
> 1. Employee's name and address;
>
> 2. Employer's name and address;
>
> 3. Date of accident or date of communication of occupational disease;
>
> 4. Nature of injury or occupational disease;
>
> 5. Benefits sought: temporary total, temporary partial, permanent total, permanent partial or medical benefits;
>
> 6. Periods of disability, if appropriate.

"The word 'shall[]' is primarily mandatory," whereas "the word 'should' ordinarily . . . implies no more than expediency . . . [and is] directory only." Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78, 367 S.E.2d 204, 206 (1998). "Thus, Commission Rule 1.1, standing alone, does not automatically exclude from consideration a claim which omits one or more of the

items of information which the rule says a claim 'should set forth.'" Massey Builders, 36 Va. App. at 504, 553 S.E.2d at 150.

Moreover, we have held that the information necessary to constitute a claim "need not be contained in the same document, as long as the documents, when construed together, satisfy the requirements" of "'identi[fying] the employer, the date of the accident, the location of the accident, and the injuries suffered' and '"fairly apprises *the commission* that a claim [is] being made"'" by the employee. Id. (second alteration in original) (quoting Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993) (emphasis added) (quoting Trammel Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 634 (1991))). Whether information filed with the commission is sufficient to constitute a timely filed original claim is a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence. See Humphrey, 41 Va. App. at 158, 583 S.E.2d at 70.

Here, the commission found that the Memorandum of Agreement and other executed agreements filed August 31, 1998, constituted a claim for benefits. The commission's finding is supported by the evidence. The Employer's First Report of Accident filed with the commission on May 21, 1998, provided claimant's name and address, employer's name and address, the date of claimant's accident, and the nature of claimant's injury. Thus, although the executed agreements filed on August 31, 1998, did not provide the date and nature of claimant's injury, employer and the commission already knew that information when the agreements were filed. Moreover, as reflected in the executed agreements, employer accepted claimant's work-related injury as compensable and voluntarily paid compensation benefits and medical expenses. Thus, in filing the agreements with the commission, the parties satisfied the requirements of Commission Rule 1:1 and fairly apprised the commission that a claim was being made by

claimant.  Because the claim was filed within two years of the date of the accident, it was not time barred under Code § 65.2-601.

Nevertheless, relying on Strong v. Old Dominion Power Co., 35 Va. App. 119, 543 S.E.2d 598 (2001), employer argues that a memorandum of agreement rejected by the commission as incomplete cannot serve as a claim for benefits.  Strong, however, is factually inapposite to this case.  In Strong, "the filing of the memorandum of agreement did not occur until after the statutory period had passed."  Id. at 127, 543 S.E.2d at 602.  Thus, we did not consider whether the memorandum of agreement was sufficient to constitute the filing of a claim for benefits.  Here, by contrast, the Memorandum of Agreement and other executed agreements were timely filed.

Finally, citing Code § 65.2-701(A) and Damewood v. Lanford Bros. Co., 29 Va. App. 43, 509 S.E.2d 530 (1999), employer argues that, without approval by the commission, a memorandum of agreement is null and void and will be given no effect.  However, neither Code § 65.2-701(A) nor Damewood is applicable to the question before us in this appeal.  In Damewood, the sole issue was whether a compromise settlement agreement that had not yet been approved by the commission was binding upon the parties under Code § 65.2-701(A).  29 Va. App. at 45, 509 S.E.2d at 531.  We held that, pursuant to the statute, such an agreement was not binding upon the parties until it was approved by the commission and the parties could properly withdraw from it before that approval.  Id. at 46-47, 509 S.E.2d at 532.  Thus, neither the statute nor Damewood addresses the specific question presented here.  Conversely, in Humphrey, we held that a memorandum of agreement filed with the commission within two years from the date of the accident satisfied the requirements of Commission Rule 1:1 and was a sufficient claim for benefits even though the employer subsequently withdrew its approval of the agreement and the commission later vacated it.  41 Va. App. at 158-59, 583 S.E.2d at 70.

We hold, therefore, that the commission did not err in finding that the executed agreements filed August 31, 1998, constituted the filing of a timely claim for benefits.

C.

For these reasons, we affirm the decision of the commission and the award to claimant of compensation and medical benefits.

Affirmed.