COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Huff and Senior Judge Haley

ROGER W. MOSCHLER

v.      Record No. 1841-13-2

KENCO GROUP/GLAXO SMITH KLINE AND
 ZURICH AMERICAN INSURANCE COMPANY

MEMORANDUM OPINION*
PER CURIAM
MAY 6, 2014

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Roger W. Moschler, *pro se*, on brief).

(Matthew J. Griffin; Emily O. Sealy; Midkiff, Muncie & Ross, P.C.,
on brief), for appellees.

Roger W. Moschler ("claimant") appeals from an August 29, 2013 order of the Workers'

Compensation Commission affirming a deputy commissioner's finding that the commission no

longer had jurisdiction over the matter.  On appeal, claimant challenges the "amount of

settlement money" he received and argues he was "defrauded by his attorney as well as the

defendants' attorney . . . ."  Upon reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.[1]

Claimant filed a claim for benefits in August 2010 alleging he suffered a workplace

injury on July 9, 2010.  The parties presented to the commission a petition for approval of a

compromise settlement whereby Kenco Group/Glaxo Smith Kline and Zurich American

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We also deny appellees' motion to dismiss and claimant's motions for review and for
the appointment of counsel.

Insurance Company (collectively, "employer") agreed to pay claimant $14,000 less approved attorney's fees. The settlement agreement also provided that employer would be "fully and finally released from any and all liability to the claimant." The commission approved the settlement. See Moschler v. Kenco Group, JCN VA00000305449 (Dec 20, 2010). Claimant did not seek to vacate the agreement until over seventeen months after the award order was issued.

Code § 65.2-705(A) requires that an application for review of a deputy commissioner's decision be filed with the commission within thirty days from receipt of notice of an award sent pursuant to Code § 65.2-704(A). "'Absent . . . fraud or mistake . . . , the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the commission.'" Sovran Fin. Corp. v. Nanney, 12 Va. App. 1156, 1160, 408 S.E.2d 266, 269 (1991) (quoting K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)). Thus, absent a timely review request or an allegation of fraud or mistake in the procurement of an award, the commission loses jurisdiction over an award after thirty days from the date of that award. See McCarthy Elec. Co. v. Foster, 17 Va. App. 344, 345, 437 S.E.2d 246, 247 (1993).

In this case, the commission properly concluded in the order from which claimant appeals that it lacked jurisdiction over the case. Although claimant alleges fraud in his appeal to this Court, he did not allege fraud or mutual mistake before the commission. "As a result, on appeal to this Court, we have no commission ruling to review on the issue" of whether claimant entered into the agreement as a result of fraud. Hodnett v. Stanco Masonry, Inc., 58 Va. App. 244, 253, 708 S.E.2d 429, 434 (2011). Accordingly, appellate review of this issue is barred by Rule 5A:18. Furthermore, claimant has not asked this Court to invoke the good cause or ends of justice exceptions to Rule 5A:18 to permit appellate review of this issue, "and we decline to do

so *sua sponte*." Hampton Inn & Selective Ins. Co. of Am. v. King, 58 Va. App. 286, 301, 708 S.E.2d 450, 457 (2011).

Moreover, the commission specifically found that even though claimant did not raise the issue of fraud, there was no "evidence that the December 20, 2010 Award Order was entered by mistake or due to fraud." The record supports the commission's conclusions. As noted in the commission's August 29, 2013 opinion, claimant executed the petition and affidavit under oath, specifically attested that he understood all the information in the agreement, and was represented by counsel. See Moschler v. Glaxo Smith Kline, JCN VA00000305449 (Aug. 13, 2013).

We have reviewed the record and the commission's opinion and find that this appeal is without merit. Accordingly, we dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.